UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHERINE DEW,

    Plaintiff,   Civil Action No. 15-CV-12660

vs.   HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTION (Dkt. 24), (2) ACCEPTING THE RECOMMENDATION OF THE MAGISTRATE JUDGE (Dkt. 21), (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 19), AND (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 20)**

In this social security case, Plaintiff Katherine Dew appeals from the final determination of the Commissioner of Social Security that she is not disabled and, therefore, not entitled to disability benefits. The matter was referred to Magistrate Judge Anthony P. Patti for a Report and Recommendation ("R&R"). The parties filed cross-motions for summary judgment (Dkts. 19, 20), and Magistrate Judge Patti issued an R&R recommending that the Court grant the Commissioner's motion for summary judgment and deny Dew's motion for summary judgment (Dkt. 21). Dew filed an objection to the R&R (Dkt. 24); the Commissioner subsequently filed a response (Dkt. 25).

For the reasons that follow, the Court overrules Dew's objection and accepts the recommendation contained in the magistrate judge's R&R. The Commissioner's motion is granted, and Dew's motion is denied. The final decision of the Commissioner is affirmed.

## I. LEGAL STANDARD

The Court reviews de novo those portions of the R&R to which a specific objection has

been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under 42 U.S.C. § 405(g), this Court's "review is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010) (quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In determining whether substantial evidence exists, the Court may "look to any evidence in the record, regardless of whether it has been cited by the [Administrative Law Judge ("ALJ")]." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001). "[T]he claimant bears the burden of producing sufficient evidence to show the existence of a disability." Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 425 (6th Cir. 2013).

## II. ANALYSIS

Dew offers one objection to the magistrate judge's R&R, namely, that the magistrate judge erred in finding that the ALJ's failure to evaluate Listing 4.02 was harmless error. See Pl. Obj. at 3. Within her objection, Dew also contends that the ALJ should have requested further information from Dew's treating source prior to making a determination under Listing 4.02. Id. The Court concludes that Dew's objection lacks merit.

Dew "objects to the finding of the Magistrate Judge that Plaintiff failed to meet the listing 4.02, and that the failure of the ALJ to discuss same was harmless error." Pl. Obj. at 4. In response, the Commissioner argues that, while the ALJ should have at least addressed Listing 4.02, the failure to address the listing was harmless because there is not sufficient evidence in the record

demonstrating that Dew was able to meet or equal the requirements of the listing. Def. Resp. at 1-2.

A claimant is entitled to benefits under the Social Security Act if she can demonstrate her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505, 416.905. A five-step process, set forth in accompanying regulations, outlines whether a claimant is considered disabled under the statute. See 20 C.F.R. §§ 404.1520, 416.920. The first step considers whether the claimant is currently involved in substantial gainful activity. 20 C.F.R. § 404.1520(4)(i). If not, the ALJ moves on to consider the medical severity of the claimant's impairment. 20 C.F.R. § 404.1520(4)(ii).

The third step, the step at issue in this case, involves a determination whether the claimant's impairment "meets or equals" one of the impairments listed in the regulations. 20 C.F.R. § 404.1520(4)(iii). If the impairment does meet or equal one of the listed impairments, then the ALJ must find that the claimant is disabled. Id. If the impairment does not meet or equal any of the listings, the ALJ will move on to assess the claimant's residual functional capacity ("RFC") and determine whether her RFC, age, education, and work experience allow her to make adjustments to other work. Smith-Johnson v. Comm'r of Soc. Sec., 579 F. App'x 426, 431 (6th Cir. 2014). If so, the ALJ will find that the claimant is not disabled. Id.

In the instant action, the ALJ found that Dew's impairment did not meet or equal any of the listings and that her RFC, age, education, and work experience allowed her to make adjustments to other work. Administrative Record ("A.R.") at 15 (Dkt. 15). Dew argues that she met Listing 4.02 and that the ALJ's failure to address this listing is reversible error.

3

"[N]either the listings nor the Sixth Circuit require the ALJ to 'address every listing' or 'to discuss listings that the applicant clearly does not meet.'" Smith-Johnson, 579 F. App'x at 432 (quoting Sheeks v. Comm'r of Soc. Sec., 544 F. App'x 639, 641 (6th Cir. 2013)). "The ALJ should discuss the relevant listing, however, where the record raises 'a substantial question as to whether [the claimant] could qualify as disabled' under a listing." Id. (quoting Abbott v. Sullivan, 905 F.2d 918, 925 (6th Cir. 1990)). However, "[a] claimant must do more than point to evidence on which the ALJ could have based his finding to raise a 'substantial question' as to whether he has satisfied a listing. Rather, the claimant must point to specific evidence that demonstrates he reasonably could meet or equal every requirement of the listing." Id. "Absent such evidence, the ALJ does not commit reversible error by failing to evaluate a listing at Step Three." Id. at 433.

As a result, Dew is only entitled to remand if she can point to specific evidence in the record demonstrating that she reasonably could meet or equal every requirement of Listing 4.02. In order to qualify as disabled under Listing 4.02, Dew must satisfy the following requirements:

> A. Medically documented presence of one of the following:
>
> 1. Systolic failure (see 4.00D1a(i)), with left ventricular end diastolic dimensions greater than 6.0 cm or ejection fraction of 30 percent or less during a period of stability (not during an episode of acute heart failure); or
>
> 2. Diastolic failure (see 4.00D1a(ii)), with left ventricular posterior wall plus septal thickness totaling 2.5 cm or greater on imaging, with an enlarged left atrium greater than or equal to 4.5 cm, with normal or elevated ejection fraction during a period of stability (not during an episode of acute heart failure);
>
> AND
>
> B. Resulting in one of the following:
>
> 1. Persistent symptoms of heart failure which very seriously limit the ability to independently initiate, sustain, or complete activities of daily living in an individual for whom an MC, preferably one experienced in the care of patients with cardiovascular disease, has

> concluded that the performance of an exercise test would present a significant risk to the individual; or
>
> 2. Three or more separate episodes of acute congestive heart failure within a consecutive 12–month period (see 4.00A3e), with evidence of fluid retention (see 4.00D2b(ii)) from clinical and imaging assessments at the time of the episodes, requiring acute extended physician intervention such as hospitalization or emergency room treatment for 12 hours or more, separated by periods of stabilization (see 4.00D4c); or
>
> 3. Inability to perform on an exercise tolerance test at a workload equivalent to 5 METs or less due to:
>
> a. Dyspnea, fatigue, palpitations, or chest discomfort; or
>
> b. Three or more consecutive premature ventricular contractions (ventricular tachycardia), or increasing frequency of ventricular ectopy with at least 6 premature ventricular contractions per minute; or
>
> c. Decrease of 10 mm Hg or more in systolic pressure below the baseline systolic blood pressure or the preceding systolic pressure measured during exercise (see 4.00D4d) due to left ventricular dysfunction, despite an increase in workload; or
>
> d. Signs attributable to inadequate cerebral perfusion, such as ataxic gait or mental confusion.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 4.02

The magistrate judge held that "[t]here does not appear to be an issue that Plaintiff has satisfied Part A of Listing 4.02 due to her ejection fraction being lower than 30%." R&R at 31. The Commissioner does not contest that Part A has been satisfied. Def. Resp. at 3. As a result, it must be determined whether there is specific evidence demonstrating that Dew reasonably could meet the requirements of Part B. Smith-Johnson, 579 F. App'x at 432. Dew must show either that a medical consultant has concluded that performance of an exercise test would present a significant risk to her, she has suffered three or more episodes of acute congestive heart failure within a

5

twelve-month period, or that she is unable to perform an exercise tolerance test at five metabolic equivalent tasks ("METs") or less.[1]  20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 4.02(B)(1)-(3).

Regarding Listing 4.02(B)(1), Dew notes her testimony that she has difficulty performing chores without becoming winded and has difficulty walking more than two blocks without resting. A.R. at 32, 45.  Dew also notes that her treating source, Dr. Douglas Weaver, has provided documentation regarding symptoms consistent with heart failure, including chest pain, weakness, exertional dyspnea, and exercise intolerance.  A.R. at 733.  However, while Dew testified that certain tasks take her longer than normal, she also testified that she is ultimately able to complete activities such as cooking, cleaning, caring for her dog, and doing her laundry.  Id. at 32-35.  This demonstrates an ability to independently complete daily living activities.

Furthermore, Dew has not pointed to any evidence, nor has the Court located any, demonstrating that Dr. Weaver or any other medical consultant "has concluded that the performance of an exercise test would present a significant risk" to Dew.  20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 4.02(B)(1).  Dew argues that Dr. Weaver's testimony that she experiences "exercise intolerance" is evidence of his conclusion that an exercise test would present a significant risk.  This statement of Dew's symptom can hardly be considered a medical conclusion that Dew would be at significant risk of harm by undergoing an exercise test; it is best read as a reference to Dew's testimony that she has difficulty walking long distances without becoming winded. Furthermore, as discussed infra, medical documentation in the record demonstrates that Dew was able to complete moderate exercise.

---

[1] An MET is a unit of measurement used to calculate how much energy the body expends.  See Merriam-Webster, Medical Definition of MET, https://www.merriam-webster.com/dictionary/met#medicalDictionary (last visited Feb. 6, 2017).

6

Nor has Dew presented any evidence that she has suffered "[t]hree or more separate episodes of acute congestive heart failure within a consecutive 12–month period." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 4.02(B)(2). As a result, Dew can only satisfy Listing 4.02 if she can demonstrate an "[i]nability to perform on an exercise tolerance test at a workload equivalent to 5 METs or less." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 4.02(B)(3).

Dew's testimony indicates that she had difficulty walking and completing tasks without taking breaks to rest. See A.R. at 32-47. Furthermore, Dr. Weaver checked a box on his evaluation form that one of Dew's symptoms was "exercise intolerance." Id. at 733. However, other medical documentation indicates that Dew was advised to exercise in order to improve her condition. Id. at 639-640. The documentation also indicates that Dew did engage in "slight moderate exercise" in August 2013 and that this exercise was beneficial to Dew. Id. at 554. Moreover, Dew has not presented testimony from Dr. Weaver or another any medical professional that she was unable to perform an exercise tolerance test at a workload equivalent to 5 METs or less. There is insufficient evidence in the record to establish that Dew can meet each requirement of the listing.

Finally, Dew argues that the ALJ had a duty to follow up with Dr. Weaver to gauge his opinion regarding the applicability of Listing 4.02. Dew failed to raise this argument before the magistrate judge. It is well settled that an argument raised for the first time in an objection to a magistrate judge's R&R is considered waived. Murr v. United States, 200 F.3d 895, 901 n.1 (6th Cir. 2000). As a result, this argument is waived.

In any event, an ALJ is only required to contact a treating source for additional information when "the information received is inadequate to reach a determination on claimant's disability status, not when, as here, the ALJ rejects the limitations recommended by that physician." Poe v. Comm'r of Soc. Sec., 342 F. App'x 149, 156 n.3 (6th Cir. 2009). Here, despite the fact that Dr.

7

Weaver was Dew's treating source, the ALJ chose to give little weight to his opinion. See A.R. at 15. As such, this is a case where the ALJ rejected limitations recommended by the physician, not one in which the ALJ felt he had inadequate information. Furthermore, as noted in the R&R, Dew cannot argue that Dr. Weaver gave inadequate information while at the same resting her case for benefits on his conclusions.

### III.  CONCLUSION

For the above-stated reasons, the Court overrules Dew's objection (Dkt. 24) and accepts the recommendation contained in the magistrate judge's R&R (Dkt. 21). Dew's motion for summary judgment (Dkt. 19) is denied and the Commissioner's motion for summary judgment (Dkt. 20) is granted.

SO ORDERED.


Dated: February 27, 2017              s/Mark A. Goldsmith
Detroit, Michigan                     MARK A. GOLDSMITH
                                      United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 27, 2017.

                                      s/Karri Sandusky
                                      Case Manager